Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HOWARD AND STACEY SYVARTH,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **VERDE ENERGY,** | |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

HOWARD AND STACEY SYVARTH ("Plaintiff"), by and through their attorneys, Kimmel & Silverman, P.C., allege the following against VERDE ENERGY. ("Defendant"):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of New Jersey therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiffs are each a natural person residing in Tom's River, New Jersey 08757.

6. Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 101Merritt 7, 2nd Floor, Norwalk Connecticut 06851.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Beginning in or around November 2014 and continuing thereafter, Defendant called Plaintiffs on their cellular telephones.

11. When contacting Plaintiffs, Defendant is using automatic telephone dialing system and automatic and/or prerecorded messages.

12. When answering Defendant's calls, Plaintiffs were often met by a silence, which was then followed by a slight pause, and then a prerecorded voice stating "goodbye."

13. Defendant's telephone calls to Plaintiffs' cellular telephones were not made for "emergency purposes."

14. On the occasions in which Plaintiffs were able to speak to Defendant's live representatives, they expressed the function of their calls as being for "telemarketing purposes" and an attempt to get Plaintiffs to "switch energy companies."

15. Plaintiffs informed Defendant that they were uninterested in their offer and requested Defendant to cease all calls to their cellular telephones.

16. Defendant's representatives acknowledged Plaintiffs' revocation and assured him his telephone numbers would be taken off its calling list.

17. Plaintiffs continued to receive calls from Defendant and have demanded their telephone numbers be taken off Defendant's calling list on more than ten occasions.

### DEFENDANT VIOLATED
### THE TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

19. Defendant initiated multiple automated telephone calls to Plaintiff's cellular, home, and wife's cellular telephone using a prerecorded voice.

20. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

21. Defendant's calls to Plaintiff were not made for emergency purposes.

22. Defendant's calls to Plaintiff, in and after early November, were not made with Plaintiff's prior express consent.

23. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

24. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

25.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, HOWARD SYVARTH respectfully prays for judgment as follows:

   a.  All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(a);
   b.  Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
   c.  Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendants willfully or knowingly violated the TCPA; and
   d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, HOWARD SYVARTH, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

                                      Respectfully submitted,

Dated: June 12, 2015                /s/ Amy L. Bennecoff Ginsburg
                                          Amy L. Bennecoff Ginsburg
                                          Kimmel & Silverman, P.C.
                                         1930 East Marlton Pike, Suite Q29
                                         Cherry Hill, NJ 08003
                                         Telephone: (856) 429-8334
                                         Facsimile: (877) 788-2864
                                         Email: abennecoff@creditlaw.com